IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEONARD D. SPENCER,**

    Plaintiff,

vs.                                                  Case No. 4:16cv508-MW/CAS

**C. NEEL, A. KIRKLAND,
DR. FRANCIS ONG,
and CORIZON HEALTH, INC.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This Report and Recommendation is entered to rule on three motions to dismiss filed in this case by four of the Defendants: (1) the motion filed by Dr. Ong on June 9, 2017, ECF No. 28; (2) the motion filed by Defendant Neel on June 28, 2017, ECF No. 29; and (3) the motion filed by Defendants Kirkland and Corizon Health. Plaintiff was advised of his obligation to respond to those motions, ECF Nos. 31, 33, 36, and 40. His responses have been filed: (1) his response to Defendant Neel's motion, ECF No. 42; (2) his response to Defendant Ong's motion, ECF No. 43; and his response

to the third motion to dismiss filed by Defendants Kirkland and Corizon, ECF No. 44.  These motions are ready for a ruling.

Additionally, Defendant Ong filed a motion to adopt the argument presented by Defendants Corizon and Kirkland in Section E of their motion to dismiss.  ECF No. 39.  That motion was granted.  ECF No. 40.  Thereafter, Plaintiff adopted his response as filed in opposing Defendants Kirkland and Corizon's motion.  ECF No. 45.

Notably, Defendant Ong also filed a motion for summary judgment on January 11, 2018.  ECF No. 46.  That motion is premature and unauthorized because a scheduling order has not yet been entered.  Several orders directed that "[n]o motion for summary judgment shall be filed by any party . . . prior to entry of an Initial Scheduling Order without permission of the Court."  ECF No. 19 at 6, ECF No. 31 at 3.  The unauthorized motion for summary judgment, ECF No. 46, is not addressed in this Report and Recommendation.

**Plaintiff's Allegations, ECF No. 16**

Plaintiff was taken to the medical department at Wakulla Correctional Institution on May 24, 2015, "to be examined for a possible broken hand."  *Id.* at 6.  Plaintiff does not say what happened at that examination, but he

does allege that when he was released from confinement three days later, he submitted a request concerning his hand. *Id.* The next day, Defendant Kirkland gave him Ibuprofen and scheduled an x-ray of his hand. *Id.* The x-ray was taken the following day and confirmed the "break." *Id.* In June, Defendant Kirkland prescribed Plaintiff more Ibuprofen and scheduled a follow-up x-ray. *Id.* The "break" was again confirmed and Plaintiff signed a consent form "to see a specialist." *Id.*

Plaintiff was taken to the Tallahassee Orthopedic Center on June 9, 2015, for additional x-rays and to be examined by the doctor. *Id.* at 6-7. The doctor told Plaintiff he would see him in 2-3 weeks when he would "re-break" Plaintiff's hand, "put everything in proper place and insert pins to hold things together." *Id.* at 7. Three weeks later, Plaintiff was advised by Defendant Kirkland "that she and her superiors had decided aginst [sic] surgery." *Id.* Plaintiff objected and complained of pain and swelling. *Id.* Defendant Kirkland directed Plaintiff to "sign another form to see a specialist." *Id.*

In late July, Plaintiff was taken to the Department of Corrections' Regional Medical Center. ECF No. 16 at 7. On August 6, 2015, Defendant Ong, who Plaintiff alleges is a plastic surgeon, performed his surgery. *Id.*

Plaintiff alleges that the surgery was not done correctly and his "index finger will not close." *Id.* at 8.  He further claims that his hand became infected and that Defendant Ong failed to give him antibiotics.  *Id.* at 9-10.  Plaintiff reports that he also experienced numbness, "painful stings in three fingers," a "bow in middle finger with swelling at head knuckle."  *Id.* at 10-11.  In a follow-up visit, Plaintiff claims Defendant Ong was "evasive and unresponsive" to his questions and concerns.  *Id.* at 11.

    Plaintiff alleges that Defendant Neel denied Plaintiff's right to exercise the grievance procedures in violation of the First Amendment, and was deliberately indifferent to his medical needs in violation of the Eighth Amendment.  *Id.* at 12-13.  Plaintiff alleges Defendants Kirkland and Ong violated his Eighth Amendment rights and were deliberately indifferent to his needs.  *Id.* at 13.  He further claims that Corizon Health violated his rights by allowing Defendant Ong to "perform orthopedic surgery when he lacked certification, in order to cut costs . . . ."  *Id.*  Plaintiff seeks compensatory and punitive damages, and an injunction "ordering the FDOC or its current medical care provider to administer corrective treatment to Plaintiff's deformed, deadened, and nurve-damaged [sic] hand."  *Id.* at 12, 14.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement,"

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Three Strikes Argument**

The final argument presented in the third motion to dismiss filed by Defendants Corizon and Kirkland (and adopted by Defendant Ong) is that Plaintiff has three "strikes" under 28 U.S.C. § 1915(g)[2] which requires dismissal of this action.  ECF No. 38 at 14-15.  In response, Plaintiff does

---

[2] That statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

not dispute that he has three strikes. ECF No. 44 at 6. However, he contends that he has satisfied the "imminent danger requirement" and his case should continue. *Id.*

As part of the Prison Litigation Reform Act, Congress included a "special 'three strikes' provision prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she 'has, on 3 or more prior occasions, while incarcerated ..., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Coleman v. Tollefson, 135 S. Ct. 1759, 1761, 191 L. Ed. 2d 803 (2015) (quoting 28 U.S.C. § 1915(g)). In Coleman, the Supreme Court considered whether or not a prior dismissal under the relevant grounds which was pending on appeal should be counted as a qualifying dismissal. In resolving this issue and the split between the circuits, the Court adopted the minority view of the Sixth Circuit and held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." 135 S. Ct. at 1763. Reading § 1915(g) literally, the Court noted that unless a stay were issued, "a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal." *Id.* at

1764.  The Court also concluded that counting such dismissal facilitated the purpose of the PLRA.  Indeed, the Court said that "[t]o refuse to count a prior dismissal because of a pending appeal would produce a leaky filter." *Id.*

Last year the Eleventh Circuit considered whether or not Coleman v. Tollefson applied retroactively.  Sussman v. Hampton, 703 F. App'x 761 (11th Cir. 2017).  In Sussman, a Florida prisoner initiated a case in the Southern District of Florida in 2013 and was granted in forma pauperis status.  703 F. App'x at 762.  "He conceded that he previously had filed four lawsuits that were dismissed as frivolous or for failure to state a claim; however, he argued that two of these cases did not count as strikes under § 1915(g) because they were pending on appeal."  *Id.* at 763.  After the district court "ordered service on the defendants, the Supreme Court issued its decision in Coleman."  *Id.*  Two of the defendants "filed a motion to dismiss, arguing that, under Coleman, each of Sussman's prior dismissals counted as a strike."  703 F. App'x at 763.  The magistrate judge recommended granting the motion to dismiss under § 1915(g) and, over plaintiff's objection, the district court adopted that recommendation.  *Id.*  The Eleventh Circuit affirmed the dismissal, concluding that if Coleman

were applied prospectively only, it "would produce a 'leaky filter,' as it would allow certain three-strikers (those who appealed one or more prior qualifying dismissals) to pursue civil lawsuits in forma pauperis, which is precisely what § 1915(g) was designed to prevent." 703 F. App'x at 765 (citing Coleman, 135 S.Ct. at 1764).

The issue on appeal in Sussman was whether Coleman should apply prospectively or retroactively. That issue is not before this Court because Coleman was decided in 2015 and Plaintiff initiated this case on August 11, 2016. Coleman controls this case.

Here, Plaintiff filed a complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Plaintiff's handwritten complaint was not on court forms and did not include any information on his prior litigation. Plaintiff was granted in forma pauperis status in late November 2016, ECF No. 10, and directed to file an amended complaint on form used in this Court, ECF No. 11. Plaintiff's amended complaint declared that he had never had any prior actions dismissed in federal court because they were frivolous, malicious, or failed to state a claim. ECF No. 14 at 5. The amended complaint was reviewed and found deficient as to several Defendants and Plaintiff was required to file a second amended

Page 11 of 14

complaint. ECF No. 15. Plaintiff did so in March 2017, ECF No. 16, and it was that version of the complaint that was served on the Defendants.

Plaintiff again declared in the second amended complaint that he had not had any prior actions dismissed for the reasons listed in § 1915(g). ECF No. 16 at 5. Defendants have argued that is not correct. Defendants have shown that Plaintiff filed case number 9:00cv08211 and it was dismissed as frivolous. ECF No. 38 at 14. Plaintiff also filed case number 9:97cv08661 which was dismissed for failure to state a claim and because he was suing immune defendants. *Id.* Plaintiff's "third strike" comes from the appeal of the dismissal of that case; the appeal, case number 97-5728, was dismissed as frivolous.[3] All of the prior dismissals should have been listed in Plaintiff's complaints. More importantly, all must be counted in deciding whether Plaintiff is entitled to in forma pauperis status.

---

[3] Plaintiff's prior dismissals have been verified. Case number 9:00cv08211 was filed on March 10, 2000, while Plaintiff was incarcerated at Martin Correctional Institution. The case was dismissed on October 16, 2000, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims were frivolous. ECF No. 9 of that case. Plaintiff filed case number 9:97cv08661 while also housed at Martin C.I. It was dismissed on September 26, 1997, because Plaintiff was attempting to sue a state court judge and prosecutor who were immune from his requested relief. Plaintiff filed a notice of appeal of that dismissal and the Eleventh Circuit held that his appeal was "frivolous." ECF No. 9 of that case.

Plaintiff does not dispute that he "has three strikes under § 1915(g), but" argues his case should proceed pursuant to the "imminent danger" exception. ECF No. 44 at 6. That argument should be rejected. Plaintiff's complaint involves factual allegations which are entirely in the past. His claims do not concern future events, nor does Plaintiff allege that his health is in imminent danger. This is a case about past events and Plaintiff's allegations do not bring him within the "imminent danger" exception of § 1915(g). Plaintiff was not entitled to proceed with in forma pauperis status and the Order granting Plaintiff's motion for in forma pauperis status should be vacated. In doing so, it is recommended that this case be dismissed.

While at first glance it seems unfair to dismiss a case at this point in the process; after all, the case has been pending for seventeen months. Yet if Plaintiff had honestly disclosed his prior litigation from the outset, this case would not have progressed at all. Plaintiff would have been denied in forma pauperis status and the case immediately dismissed. The result upon belated discovery of a prisoner's prior "three strikes" should be no different when discovered later rather than earlier. Permitting Plaintiff to continue now would permit a "leaky filter" to stay in place and encourage

the practice of prisoners' intentionally failing to disclose prior cases in the hopes that an overworked court would issue a free pass.

Moreover, Plaintiff should not be permitted to simply pay the filing fee now to continue this case. Granting a motion for in forma pauperis status necessarily means that the plaintiff is unable to afford the filing fee. Plaintiff declared that he was unable to do so. *See* ECF Nos. 2, 9. Additionally, the well established rule in the Eleventh Circuit is that a prisoner is not entitled to arrange for payment of a filing fee after his motion for in forma pauperis status is denied. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); *see also* Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that after three meritless suits, "the prisoner must pay the full filing fee at the time he initiates suit."). The filing fee must be paid at the time of case initiation. Dupree, 284 F.3d at 1236.

## RECOMMENDED

It is respectfully **RECOMMENDED** that the Order granting Plaintiff leave to proceed in forma pauperis, ECF No. 10, be **VACATED**, that Plaintiff be **DENIED** leave to proceed in forma pauperis, ECF Nos. 2 and 9, that the motion to dismiss, ECF No. 38, be **GRANTED**, all other motions be

**DENIED as moot,** and this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

    **IN CHAMBERS** at Tallahassee, Florida, on February 2, 2018.


      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**